MOORE, Judge,
concurring specially.
As I construe § 22-21-268, Ala.Code 1975, an emergency certifícate of need (“CON”) can be issued based only on a finding by the Certificate of Need Review Board (“the CONRB”)[3] that unforeseen events endangering the health or safety of the applicant’s patients may be remedied only by its approval of capital expenditures on an expedited basis. The term “capital expenditure” is defined, for purposes of this case, as including “[a]n expenditure ... which ... [c]hanges the bed capacity of the facility,” § 22-21-260(3)b., Ala.Code 1975, and “[a]n expenditure ... which ... [substantially changes the health services of the facility,” § 22-21-260(3)c., Ala.Code 1975. Based on those definitions, an emergency CON may be issued if the CONRB determines that a facility must change its bed capacity to offer new health services in order to safeguard its patients from the danger caused by unforeseen events.
In this case, STV One Nineteen Senior Living, LLC, d/b/a Somerby at St. Vincent’s One Nineteen (“Somerby”), filed an application for an emergency CON in order to expend funds to change some of its existing beds at its Shelby County facility from standard assisted-living-facility (“ALF”) beds to specialty-care assisted-living-facility (“SCALF”) beds, so that Somerby could provide, for the first time, “proper[ ] care for patients suffering from dementia related conditions.” Pursuant to § 22-21-268, an applicant for an emergency CON must include “justification for considering the capital expenditure as being of an emergency nature.” In its application, Somerby pointed out that Shelby County was rapidly growing in population, causing an immediate need for additional SCALF beds to care for dementia-impaired residents and that, without the emergency CON, it could not meet that need and would have to “relocate patients” with SCALF needs. Reviewing the content of the order approving the emergency CON, it appears that the CONRB accepted those facts as its only basis for finding that an emergency existed that required immediate approval of Somerby’s proposed capital expenditures.
I agree with the main opinion that the rapid growth of an aging population in a certain area may not be considered an “unforeseen event” within the meaning of § 22-21-268. 161 So.3d at 191. Assuming that it could, however, Somerby still did *194 not state in its application that the health or safety of any of its residents was presently in danger, and its application, by maintaining that those residents who become impaired by dementia must be relocated, implied that other facilities existed that could immediately respond to any such danger without additional capital expenditures.[4] As the main opinion correctly notes, Somerby’s application and the order approving the emergency CON cited only matters of convenience to support the CONRB’s decision. 161 So.3d at 191. The legislature did not create emergency CONs to redress situations that implicate only matters of convenience; rather, ordinary CONs are specifically designed for such concerns.[5]
Because I do not believe that the legislature would consider the rapid growth of an aging population to be an “unforeseen event,” and because I do not believe that the legislature would equate a desire to provide a more convenient location for health-care services with a need for emergency capital expenditures in order to safeguard existing patients, I conclude that the CONRB lacked any rational basis for issuing the emergency CON to Somerby. Accordingly, I agree with the main opinion that the circuit court erred in affirming the CONRB’s decision and that that judgment is therefore due to be reversed.

. By regulation promulgated by the State Health Planning and Development Agency ("SHPDA"), the chairman and vice chairman of the CONRB are authorized to issue an emergency CON based upon their determination that "an emergency actually exists.” Rule 410-l-10-.01(l)(b), Ala. Admin. Code (SHPDA). The CONRB then ratifies the emergency CON at its next regularly scheduled meeting. Rule 410-l-10-.01(l)(c), Ala. Admin. Code (SHPDA).

. Indeed, at oral argument, Somerby clarified that the record showed that such facilities were within a relatively short driving distance from its Shelby County facility and that the emergency CON would only make it more convenient for its residents to obtain SCALF services.

. When questioned on this point at oral argument, counsel for the parties acknowledged that the CONRB had never in its history issued án emergency CON on the basis that the State Health Plan had underestimated a need for certain beds in a particular area.